THOMPSON, Judge.
Blackhawk Quarry Company of Florida, Inc. (Blackhawk) appeals a final order of the State of Florida, Department of Transportation (DOT) reinstating Blackhawk to full approval status as a source of cemented coquina material for use as a road base. The order grants reinstatement under a waiver of DOT’s requirement that this material contain at least 50 percent carbonates. The waiver and reinstatement was subject to several conditions, including one specifying that Blackhawk’s material contain not less than 45 percent carbonates of calcium and magnesium.
Giving DOT every benefit of every doubt, and considering its long experience in the use of this material as a road base and its special knowledge and expertise in the field, we affirm. However, we feel it necessary to advise the DOT that our review of the record reveals so little evidence to support the minimum 45 percent carbonate requirement that in another proceeding, if expert testimony should be adduced as to the minimum amount of carbonates necessary, a different decision might be reached.
Limerock has historically been the road base material of choice in Florida because of its abundance, relatively low cost and suitability. Its performance characteristics have therefore been made the standard against which other road base materials are measured. The primary test used to compare the performance of other base materials with the performance of limerock .is a load bearing test which yields a value known as the limerock bearing ratio (LBR). The LBR expresses the performance of a material as a percentage of the load bearing capacity of limerock, which is set at 100. An LBR of less than 100 means that the material has a lesser load bearing ability than limerock whereas an LBR of 100 or more means the material has a load bearing ability equal to or better than limerock. The DOT requires that cemented coquina material have a minimum LBR of 100.
In this case, there was testimony in the record, and the hearing officer found, that cemented coquina must contain some carbonates or it will not be acceptable for use as road base material. This is hardly surprising given that coquinas are shells and shells contain carbonates. There was also testimony that three batches of cemented coquina containing less than 45 percent carbonates failed when used as a road base. However, all three of these batches also had an LBR of less than the DOT requirement of 100 including one batch with an LBR of only 75. The experience of the DOT therefore indicates there may be failures in using cemented coquina as a base material when the carbonate content of the material is less than 45 percent, but there is no engineering or other expert testimony as to'the exact or even approximate minimum carbonate content that should be required. The record reflects that the LBR is the most important consideration in determining acceptability of the cemented co-quina material, and the DOT admitted that there was no direct correlation between the percentage of carbonates in the material and its LBR.
It is apparent from the record that before this litigation the DOT routinely granted waivers of its minimum carbonate requirements provided the LBR was high, but at oral argument counsel for the DOT stated it has ceased to grant such waivers and now uniformly applies the minimum carbonate requirement. In the event the DOT intends to continue requiring a minimum carbonate content instead of relying only on the LBR to measure the suitability of cemented coquina for use in road beds, then the DOT should establish, • by expert testimony and experience, the proper minimum carbonate content, if one is necessary, and that it be applied uniformly to all suppliers of cemented coquina without waiver or discrimination.
WENTWORTH and WIGGINTON, JJ., concur.